UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RICHARD BROWN and ]
CAROLYN BROWN, ]
 ]
   Plaintiffs ]
 ]
v. ]  CIVIL ACTION NO. 2:07 CV79-MEF
 ]
UNITED SERVICES AUTOMOBILE ]
ASSOCIATION, ]
 ]
   Defendant. ]

## MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

COMES NOW the Defendant United Services Automobile Association ("USAA"), and pursuant to Rule 12(b)(1), hereby files this motion to dismiss for lack of subject matter jurisdiction and submits the following:

1.    The Plaintiffs aver that this court has jurisdiction pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1391(a).  (Exhibit 1, Plaintiffs' Complaint, ¶ 5).  Specifically, the Plaintiffs allege that they are citizens of Montgomery, Alabama. (Exhibit 1, Plaintiffs' Complaint, ¶ 1). The Plaintiffs also allege that defendant Blackmore is a citizen of Gallatin, Tennessee and that Defendant United Services Automobile Association has its principal place of business in Texas. (Exhibit 1, Plaintiffs' Complaint, ¶¶ 2-3).

2.    USAA is a reciprocal interinsurance exchange, which means that USAA has members or subscribers in all 50 states of the United States of America, including the State of Alabama. (Exhibit 2, Affidavit of Robert Scoville).

3.    The identical issue before this court was addressed in *Bitinas v. Roback*, 2005 W.L. 327137 (D.Conn. 2005).  In *Bitinas*, the court granted USAA's motion to dismiss

for lack of subject matter jurisdiction. The *Bitinas* court acknowledged that USAA, as a reciprocal interinsurance exchange, is a citizen of each and every state in which it has a member. Given the fact that USAA has members in all 50 states, including the state in which the Plaintiffs resided, there was no diversity between the parties and the Plaintiffs' complaint was due to be dismissed.

    4.    The same facts are before this court as were before it in the *Bitinas* court. The Plaintiffs in this case are Alabama residents. USAA has members in all 50 states, including Alabama. Incidentally, two of those members are the Plaintiffs themselves. Given that, there is not diversity between the parties and this matter is due to be dismissed, as this court does not have subject matter jurisdiction.

    5.    It is well settled that "federal diversity jurisdiction under 28 U.S.C. §1332 requires 'complete diversity' - the citizenship of every plaintiff must be diverse from the citizenship of every defendant." *Legg v. Wyeth*, 428 F.3d 1317 at Fn 2 (11th Cir. 2005). In the matter at hand, although the Plaintiffs and Defendant Blackmore are from different states, the fact that the Plaintiffs and USAA are both residents of the State of Alabama destroys diversity jurisdiction.

    WHEREFORE, premises considered, USAA respectfully requests that this court enter an order granting its motion to dismiss, as this court lacks jurisdiction over the subject matter of this lawsuit.

    Done this February 21, 2007.

          Respectfully submitted,


          /s/ W. Evans Brittain
          W. Evans Brittain
          Attorney for USAA

OF COUNSEL:
Ball, Ball, Matthews & Novak, P.A.
2000 Interstate Park Drive
Suite #204 [36109-5413]
P.O. Box 2148
Montgomery, Alabama  36102-2148
Telephone (334) 387-7680
Telefax (334) 387-3222
ebrittain@ball-ball.com

## CERTIFICATE OF SERVICE

  I hereby certify that on this February 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
mike.crow@beasleyallen.com


          /s/ W. Evans Brittain

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

RECEIVED
2007 JAN 26  P 3:55
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| RICHARD BROWN, SR. and CAROLYN W. BROWN, | * * * |
| Plaintiffs, | * CV NO. CV-06- |
| Vs. | * |
| MITCHELL BLACKMORE; and UNITED SERVICES AUTOMOBILE ASSOCIATION, | * * * |
| Defendants. | * * |

2:07CV79-MEF

## COMPLAINT
### STATEMENT OF THE PARTIES

1. Plaintiffs Richard Brown, Sr. and Carolyn Brown are husband and wife and are over the age of 19 years and are citizens of Montgomery, Alabama.

2. Defendant Mitchell Blackmore is over the age of 19 years and is a citizen of Gallatin, Tennessee.

3. Defendant United Services Automobile Association (hereinafter referred to as "USAA") is a foreign corporation with its principal place of business in Texas, but does business in Montgomery County, Alabama.

4. The amount of controversy exceeds $75,000.00 exclusive of interest and cost.

5. The Court has jurisdiction and venue pursuant to 28 U.S.C. 1332 and 28 U.S.C. 1391(a).

### STATEMENT OF FACTS

6. On July 31, 2005, Plaintiff Carolyn Brown was operating a vehicle



with her husband Richard Brown as a passenger and was stopped on Interstate 65 North in Autauga County, Alabama.

7.  At said time and place, Defendant Blackmore was operating a pick-up truck on Interstate 65 North.

8.  Defendant Blackmore's vehicle struck the Brown's car in the rear knocking it off into the median of Interstate 65.

9.  At the time of the wreck, Plaintiffs Brown were covered by a policy of insurance issued by Defendant USAA.

## COUNT ONE

## (NEGLIGENCE)

10. Plaintiffs Brown reallege paragraphs 1 through 9 of the Complaint as if set out here in full.

11. On the aforementioned date and time, Defendant Blackmore negligently and/or wantonly operated his motor vehicle causing it to strike Plaintiff Brown's car because Defendant Blackmore failed to keep a proper lookout and failed to keep his car under control and failed to keep the proper distance between his car and the Brown's car so he could stop without hitting the Brown's car.

12. As a proximate consequence of Defendant Blackmore's negligence and/or wantonness, Plaintiff Richard Brown was injured and damaged as follows: he suffered bodily injury; he incurred medical expenses and will incur medical expenses in the future; he suffered physical pain and will continue to do so in the future; he suffered mental anguish and will continue to do so in the future; his

vehicle has been damaged; and he has been otherwise injured and damaged. Carolyn Brown was injured and damaged as follows: she suffered an aggravation of a pre-existing low back injury; she suffered other bodily injuries; she incurred medical expenses in the past and will do so in the future; she will incur physical pain in the past and in the future; she will incur mental anguish in the past and in the future and she has been otherwise injured and damaged.

WHEREFORE, Plaintiffs Brown, demand judgment against Defendant Blackmore in such an amount of compensatory and punitive damages as a jury may award and their costs for this action.

## COUNT TWO

## (UNDERINSURED MOTORIST COVERAGE)

13. Plaintiffs reallege paragraphs 1 through 12 of the Complaint as if set out here in full.

14. At the aforementioned time, Defendant USAA had in full force and effect underinsured motorist coverage under Policy No. 00053 40 69U 7104 0.

15. Plaintiffs Brown are due the policy limits under the USAA's policy.

WHEREFORE, Plaintiffs Brown demand judgment against USAA in such an amount of compensatory and punitive damages as the Court deems reasonable.

_____
MICHAEL J. CROW (CRO039
Attorney for Plaintiff

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RICHARD BROWN and
CAROLYN BROWN,

    Plaintiffs

v.

UNITED SERVICES AUTOMOBILE
ASSOCIATION,

    Defendant.

CIVIL ACTION NO. 2:07 CV79-MEF

STATE OF FLORIDA
COUNTY OF HILLSBOROUGH

### AFFIDAVIT OF ROBERT SCOVILLE

Before me, the undersigned authority, a Notary Public in and for said state and county, personally appeared ROBERT SCOVILLE, and after being duly sworn, under oath, deposes and says the following:

1. I am a litigation manager for United Services Automobile Association ("USAA"). USAA is a reciprocal interinsurance exchange. USAA has members or subscribers in all 50 states of the United States of America, including the state of Alabama, where the plaintiffs reside.

"The above information is true and correct to the best of my knowledge and belief."

_Robert Scoville_
ROBERT SCOVILLE

SWORN TO and SUBSCRIBED before me on this the 21 day of February, 2007.

_Buffy Jo Atkinson_
NOTARY PUBLIC
My commission expires: 2-14-2011

BUFFY JO ATKINSON
NOTARY PUBLIC-STATE OF FLORIDA
COMMISSION # DD629186
MY COMMISSION EXPIRES FEBRUARY 14, 2011


EXHIBIT 2