IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RICHARD BROWN, SR. and, CAROLYN W. BROWN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CASE NO.: 2:07 CV79-MEF ) |
| MITCHELL BLACKMORE and UNITED SERVICES AUTOMOBILE ASSOCIATION, | ) ) ) ) ) |
| Defendants. | ) |

## DEFENDANT MITCHELL BLACKMORE'S ANSWER AND AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure, Rules 7 and 12, Defendant Mitchell Blackmore ("Mr. Blackmore") hereby answers Richard Brown, Sr.'s and Carolyn W. Brown's ("Plaintiffs") Complaint and asserts his affirmative defenses.

## STATEMENT OF THE PARTIES

1. Mr. Blackmore is without sufficient information to admit or deny the allegations in Paragraph No. 1 of the Complaint and therefore denies the allegations of Paragraph No. 1 of the Complaint.

2. Mr. Blackmore admits the allegations contained in Paragraph No. 2 of the Complaint.

3. Mr. Blackmore is without sufficient information to admit or deny the allegations in Paragraph No. 3 of the Complaint and therefore denies the allegations of Paragraph No. 3 of the Complaint.

4. Mr. Blackmore is without sufficient information to admit or deny the allegations in Paragraph No. 4 of the Complaint and therefore denies the allegations of Paragraph No. 4 of the Complaint.

5. Mr. Blackmore is without sufficient information to admit or deny the allegations in Paragraph No. 5 of the Complaint and therefore denies the allegations of Paragraph No. 5 of the Complaint.

## STATEMENT OF FACTS

6. Mr. Blackmore admits the allegations contained in Paragraph No. 6 of the Complaint.

7. Mr. Blackmore admits the allegations contained in Paragraph No. 7 of the Complaint.

8. Mr. Blackmore admits the allegations contained in Paragraph No. 8 of the Complaint.

9. Mr. Blackmore is without sufficient information to admit or deny the allegations in Paragraph No. 9 of the Complaint and therefore denies the allegations of Paragraph No. 9 of the Complaint.

## COUNT ONE
## (NEGLIGENCE)

10. Mr. Blackmore hereby adopts and realleges as though fully set forth its answers to each and every paragraph contained in this Answer.

11. Mr. Blackmore denies the allegations contained in Paragraph No. 11 of the Complaint.

12. Mr. Blackmore denies the allegations contained in Paragraph No. 12 of the Complaint.

## COUNT TWO

### (UNDERINSURED MOTORIST COVERAGE)

13.     Mr. Blackmore hereby adopts and realleges as though fully set forth its answers to each and every paragraph contained in this Answer.

14.     Mr. Blackmore is without sufficient information to admit or deny the allegations in Paragraph No. 14 of the Complaint and therefore denies the allegations of Paragraph No. 14 of the Complaint.

15.     Mr. Blackmore is without sufficient information to admit or deny the allegations in Paragraph No. 15 of the Complaint and therefore denies the allegations of Paragraph No. 15 of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Mr. Blackmore denies all allegations of Plaintiffs' Complaint not explicitly admitted in this Answer and demands strict proof of those allegations.

### SECOND AFFIRMATIVE DEFENSE

Mr. Blackmore denies he engaged in any unreasonable conduct.

### THIRD AFFIRMATIVE DEFENSE

Mr. Blackmore denies his alleged conduct rises to the level of wantonness.

### FOURTH AFFIRMATIVE DEFENSE

Mr. Blackmore denies he breached any duty owed to the Plaintiffs.

### FIFTH AFFIRMATIVE DEFENSE

Mr. Blackmore denies that Plaintiffs' damages were the proximate result of any alleged breach of duty by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages arise as a result a condition over which Mr. Blackmore had no control.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and damages are the result of a superseding intervening cause.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs were contributory negligent.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs assumed the risk.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims of punitive damages violate the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United Sates Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards, or provide vague or insufficient standards, for the amount of the award of punitive damages that thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;(g) The procedures pursuant to which punitive damages are awarded fail to require that an award of punitive damages be proportion, or bear a reasonable relationship, to the actual harm incurred;

(h) The procedures pursuant to which punitive damages are awarded fail to provide mitigating factors for the jury's consideration in awarding punitive damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' attempt to impose punitive or extra contractual damages on Mr. Blackmore on the basis of vicarious liability for the conduct by others violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

## TWELFTH AFFIRMATIVE DEFENSE

The award of punitive damages to Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are statutorily limited to by Alabama Code, Section 6-11-21.

## FIFTHTEENTH

Mr. Blackmore reserves the right to supplement or amend this Answer up until the time provided under the Federal Rules of Civil Procedure or Order of this Court.

Dated: March 15, 2007.

Respectfully submitted,

By: s/ Gayle L. Douglas
E. Britton Monroe (MON032)
Taffi S. Stewart (SMI171)
Gayle L. Douglas (DOU012)
Attorneys for Mitchell Blackmore.

**OF COUNSEL:**
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
(205) 967-8822

6

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March 2007, a copy of the foregoing was electronically served upon the foregoing pursuant to the CM/ECF filing system of the United States District Court for the Middle District of Alabama:

Michael J. Crow, Esq.
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160

/s/ *Gayle L. Douglas*
OF COUNSEL

447110_1.DOC